1
2
3
4                        **UNITED STATES DISTRICT COURT**
5                             **DISTRICT OF NEVADA**
6
7    GRACE ALBANESE,                    )        Case No. 2:17-cv-01795-JAD-GWF
                                        )
8                    Plaintiff,         )
                                        )
9    vs.                               )        **REPORT AND**
                                        )        **RECOMMENDATION**
10   LAS VEGAS METROPOLITAN POLICE      )
     DEPARTMENT,                        )
11                                      )
                     Defendant.         )
12   _____)

13           This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis*

14   (ECF No. 1), filed on June 29, 2017.

15   **I.      IN FORMA PAUPERIS APPLICATION**

16           Plaintiff is proceeding in this action *pro se*, which means that she is not represented by an

17   attorney.  *See* LSR 2-1.  She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in*

18   *forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed

19   complaint.  Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing

20   fee and administrative fee totaling $400 is required to commence a civil action in a federal district

21   court.  The court may authorize a person to commence an action without the prepayment of fees and

22   costs if the person files an IFP application including an affidavit stating that he or she is unable to

23   pay the initial fees.  *See* 28 U.S.C. § 1915(a)(1); LSR 1-1.  However, the court must apply "even-

24   handed care" to ensure that "federal funds are not squandered to underwrite, at public expense,

25   either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in

26   material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)

27   (collecting cases).  A "district court may deny leave to proceed in forma pauperis at the outset if it

28   appears from the face of the proposed complaint that the action is frivolous or without merit."

*Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).  A complaint that "merely repeats pending or previously litigated claims" is frivolous.  *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992); *Martinez v. Bureau of Immigration & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009).

Since March 2016, Ms. Albanese has filed 45 federal cases in the District of Nevada, 10 of which are pending before the undersigned magistrate judge.[1]  In all, she has sued the Las Vegas Metropolitan Police Department ("LVMPD") 30 times in just over a year.  Most of Ms. Albanese's actions assert the same or very similar allegations: various persons stalk or spy on Ms. Albanese in her bedroom and when she travels around Las Vegas, sometimes using listening devices or hacking into her phone, but federal and state law enforcement officers ignore her requests for help and refuse to investigate or arrest the wrongdoers.  She asserts similar legal claims in all her cases pursuant to

[1] See *Albanese v. Fed. Bureau of Investigations*, 2:16–cv–00529–KJD–NJK; *Albanese v. Transp. Security Admin.*, 2:16–cv–00530–GMN–CWH; *Albanese v. Homeland Security*, 2:16–cv–00531–RFB–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:16–cv–00532–RFB–GWF; *Albanese v. Regional Transp. Comm'n of So. Nev.*, 2:16–cv–01882–APG–PAL; *Albanese v. Las Vegas Metro Police Dep't*, 2:17–cv–00577–GMN–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01087–GMN–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01284–MMD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01285–JCM–VCF, appeal docketed, No. 17–16127 (9th Cir. May 31, 2017); *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01286–JAD–PAL; *Albanese v. Dep't of Homeland Security*, 2:17–cv–01287–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01520–JAD–CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01544–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01573–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01574–RFB–PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01599–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01600–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01613-APG-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01614–JAD–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01633–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01634–RFB–CWH; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01635–JAD–CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01640–MMD–VCF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01641–JAD–GWF; *Albanese v. Homeland Security*, 2:17–cv–01642–RFB–GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01662–JAD–NJK; *Albanese v. Homeland Security*, 2:17–cv–01663–JCM–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01664–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01735–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01780–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01782–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01795–JAD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01807–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01808–APG–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01832–KJD–PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01871–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01872–RFB–VCF; *Albanese v. Homeland Security*, 2:17–cv–01874–RFB–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01896–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01903–MMD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01904–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01972–JAD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01973–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01974–JAD–PAL.

1  42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction

2  of justice, defamation, public corruption, and conspiracy.

3  Upon the recommendation made by Magistrate Judge Ferenbach, District Judge Dorsey has

4  declared Ms. Albanese a vexatious litigant.  *See Albanese v. Fed. Bureau of Investigations*,

5  2:17–cv–01599–JAD–VCF*,* July 27, 2017 Order (ECF No. 7).  Therefore, Ms. Albanese is no

6  longer allowed to file a new complaint, petition, or other action in this court without first obtaining

7  leave from the Chief Judge of this court.  *See id.*

8  Having reviewed her complaint in this case, the Court finds that her claims are frivolous and

9  duplicative and will recommend denial of her IFP application and dismissal of the complaint.

10  **II.     SCREENING THE COMPLAINT**

11  **A.     Legal Standard**

12  Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive

13  pleading.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all

14  in forma pauperis complaints").  Allegations in a pro se complaint are held to less stringent

15  standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

16  *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).  However, pro se litigants "should not be

17  treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362,

18  1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other

19  litigants.  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

20  Federal courts are required to dismiss an IFP action if the complaint fails to state a claim

21  upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from

22  a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint may be

23  characterized as malicious "when it is 'filed with the intention or desire to harm another'." *Knapp*

24  *v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th

25  Cir. 2005)).  Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in

26  law and fact.  *Denton*, 504 U.S. at 32; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

27  Frivolous claims include those based on legal conclusions that are untenable (e.g., claims against

28  defendants who are immune from suit or claims of infringement of a legal interest that clearly does

3

1  not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional

2  scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991);

3  *Andrews*, 398 F.3d at 1121.  In determining whether a complaint is frivolous and therefore warrants

4  complete or partial dismissal, a court is not bound "to accept without question the truth of the

5  plaintiff's allegations."  *Denton*, 504 U.S. at 32.  A complaint may be dismissed as frivolous if it

6  "merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105 n.2 (citation

7  omitted); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may

8  dismiss a duplicative complaint raising issues directly related to issues in another pending action

9  brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.

10  2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same

11  subject matter at the same time in the same court and against the same defendant."), overruled in

12  part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*,

13  121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or

14  malicious).

15      **B.    Ms. Albanese's Duplicative Factual Allegations and Claims for Relief**

16          The Court finds that the complaint in this case is frivolous because it merely repeats claims

17  pending in other cases.  Here, Albanese is suing LVMPD under 42 U.S.C. § 1983 for, among other

18  things, violating her civil rights by denying her equal protection right and obstructing justice

19  because the police knew she was being stalked but would not take action:

20          Same stalker stalks me along my route everyday. Threats to arrest
        (arrest) me from 311/911 for reporting criminal stalking are made to
21          me. ... Again & again same male stalks me. He's being funded and
        supported by people who want me to move. The police won't arrest
22          him.  Instead the police want to arrest me.

23  Complaint (ECF No. 1-1)

24          In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-00577-GMN-PAL, she

25  alleged that LVMPD and its employees violated her equal protection and due process rights and

26  obstructed justice by failing to respond to her call for help and refusing to take her voluntary

27  statement that a neighbor was stalking her.  *Id.*, Amended Complaint (ECF No. 15).  Albanese

28  alleged she called LVMPD to report that her neighbor was stalking her.  A police sergeant told Ms.

4

1    Albanese she was not stalked and he would not respond or allow other LVMPD officers to respond.

2    She further alleged that an LVMPD employee refused to allow Ms. Albanese to document a crime

3    of stalking by making a voluntary statement.  The court expressly found that these allegations failed

4    to state actionable claims.  *Id.*, June 30, 2017 Report and Recommendation (ECF No. 68).

5         In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01574-RFB-PAL, she

6    alleges that LVMPD violated her equal protection right and obstructed justice because an operator

7    refused to dispatch an officer to investigate individuals who were stalking and spying on her:

8              [W]hen she asked me why I was whispering and I told her because my
             neighbors are spying/observing me. ... Operators Collins 14128 was
9              obstructing justice because she did not understand that I have to
             whisper when I call 311 and report laundry room vagrants.  So she
10            refused to allow officers to investigator until they talked to me about
             my mental state.

11

12   *Id.*, Complaint (ECF No. 1-1).

13        In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01904-JCM-PAL, she

14   alleges violations of her equal protection and due process rights, public corruption, obstruction of

15   justice, and a police conspiracy because the police are allowing a man to stalk her:

16            So I'd like to sue the LVMPD for not stopping stalking from taking
             place when they know it's happening to me. ... That repeat stalker
17            knows I'm going to call the cops so he keeps stalking me.  The police
             allow him to stalk me.  The police defend criminal behavior and say
18            they are going to talk to people harassing me and so they forget and
             leave in their vehicles.  So I keep returning to the Federal Building.
19            So it's like a vicious circle.  I keep being stalked (with police
             foreknowledge).  I call the cops.  The police keep defending Apts. 3
20            and 9 who harass me.  I keep suing.

21   *Id.*, Complaint (ECF No. 1-1).

22        Here, the Court finds that Albanese's complaint is frivolous because it merely repeats

23   pending or previously litigated claims.  These actions follow a distinct pattern, which Albanese

24   herself acknowledges.  *Id.*  Ms. Albanese believes that various individuals stalk or spy on her while

25   in her home or when she travels around Las Vegas.  She then calls federal and local law

26   enforcement officers for help and they allegedly refuse to investigate or arrest her stalkers.  She

27   asserts similar legal claims in most of her cases pursuant to 42 U.S.C. § 1983: violations of her due

28   process, equal protection, and free speech rights, obstruction of justice, defamation, public

corruption, and conspiracy.  Therefore, because this action is duplicative and frivolous the Court will recommend dismissal.  Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **denied**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **dismissed**.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close this case and enter judgment accordingly.

DATED this 10th day of January, 2018.

GEORGE FOLEY, JR.
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).